IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DANIEL RAYHAAN ALI, #1077766 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-05-298 |
| | § | |
| DOUG DRETKE, ET AL. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Daniel Rayhaan Ali, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. §1983. The particularity with which Plaintiff has pleaded his claim makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having reviewed Plaintiff's Complaint, this Court makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, Plaintiff, a Sunni Muslim, alleges that he was forced to shave his beard in violation of his religious beliefs, and despite the fact that a "clipper shave" pass had been issued to him. When Plaintiff refused to shave his beard, a disciplinary case was written against him, resulting in punishment that consisted of a temporary loss of commissary and recreation privileges; reduction in time-earning class status from L-1 to L-2; and, a loss of 30 good-time days. Plaintiff seeks a declaratory statement that his rights to freely exercise his religion was violated and monetary damages.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would question the validity of a conviction or sentence, as Plaintiff is seeking to do in this case, a Plaintiff proceeding pursuant to Section 1983 must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254"; *Heck v. Humphrey*, 512 U.S. 477 (1994). A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated, as in the instant case, is not cognizable under Section 1983. Thus, when a state prisoner seeks damages in a Section 1983 suit, the District Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless or until the Plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Plaintiff has failed to demonstrate that the conviction in his disciplinary case has been

reversed, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. As such, a claim for damages is not cognizable under Section 1983 at this time.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the instant cause be DISMISSED with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*. A dismissal of this action, whether under *Heck* or otherwise, will count as a "strike" within the meaning of 28 U.S.C. §1915(g).

The Clerk **shall** send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **November 8, 2005,** in which to have written objections physically on file in the Office of the Clerk. The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the ___21st___ day of October, 2005.

John R. Froeschner
United States Magistrate Judge