IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DANIEL RAYHAAN ALI, #1077766 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-05-298 |
| | § | |
| DOUGLAS DRETKE, ET AL. | § | |

**ORDER OF DISMISSAL**

Before the Court for its Order of Acceptance is a Report and Recommendation of the United States Magistrate Judge, entered on October 21, 2005, which recommends that the instant cause, filed pursuant to 42 U.S.C. §1983, be dismissed with prejudice under *Heck v. Humphrey*. In his objections to the Report and Recommendation, Petitioner asserts that the doctrine set forth in *Heck* is inapplicable in this case because he is not eligible for mandatory release; and, the disciplinary case that he received will not affect question the validity of time that he has served in prison for the conviction of a felony committed with a deadly weapon.

Petitioner's objections are without merit. Petitioner seeks relief in the form of monetary damages for an unjust disciplinary finding; he does not seek restoration of lost good-time or reinstatement of time-earning class status. As such, issues attendant to mandatory release are immaterial and irrelevant. As correctly stated by the Magistrate Judge, a Section 1983 lawsuit for monetary damages for an unjust disciplinary case will not be considered until Petitioner has shown that the *disciplinary conviction*, not the conviction for which Petitioner is imprisoned, has been invalidated. Petitioner has failed to make this showing.

After *de novo* review pursuant to 28 U.S.C. §636 (b)(1)(C), this Court is of the opinion that the Report and Recommendation of the Magistrate Judge should be, and it is hereby, **ACCEPTED** in its entirety and incorporated by reference herein. It is the **ORDER** of this Court that this cause is **DISMISSED** with prejudice to be being re-filed until the conditions of *Heck* have been met. The dismissal of this cause, whether under *Heck* or otherwise, will count as a "strike" within the meaning of 28 U.S.C. §1915(g).

This Order does not release Plaintiff or the Texas Department of Criminal Justice, Institutions Division from the obligation to pay the filing fee previously imposed. Plaintiff is advised that if he appeals this dismissal, he will be required to pay the appeal fee of $255.00 pursuant to the Prison Litigation Reform Act, and he must submit a 6-month certificate of his inmate trust account when he files his notice of appeal.

A certified copy of this Order shall be mailed to: **TDCJ-Office of the General Counsel**, P.O. Box 13084, Austin, Texas, 78711; and, to **TDCJ Local Funds Division**, P.O. Box 629, Huntsville, TX 77342-0629.

**DONE** at Galveston, Texas, this the 12th day of January, 2006.

_____
Samuel B. Kent
United States District Judge